## WILLIAM ARRINGTON, and others, Respondents, *v.* SHERRY, JANES & McCREA, Appellants.

An application by a defendant to set aside his confession of judgment, should show that the claim was not just, and that the judgment ought not to have been confessed.

But can the defendant be allowed to come in by affidavit, and thus impeach his former acts? *Quere ?*

A junior judgment creditor has no right to join with the defendant in an application to set aside such confessed judgment. He must resort to a Court of Chancery if he is dissatisfied.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

This was an appeal from an order refusing to set aside a confession of judgment, previously made in this case by all of the defendants.

After execution was issued, Thomas Sherry moved to set aside the judgment and execution, on the ground that at the time he executed the authority to enter the judgment, he was confined to his bed by severe illness. That the authority was obtained from him by the attorney of the plaintiffs at the time of his sickness, without the advice of counsel; and under promises made by the plaintiffs' counsel which were not intended to be performed.

Daniel R. Provost, a judgment creditor of the defendants, also moved to have the judgment set aside, on the ground that the plaintiffs had not complied with the three hundred and seventy-fifth section of the Practice Act, which provides that if the confession of judgment be for money due, or to become due, the statement in writing must state conclusively the facts out of which it arose, and shall show that the sum confessed therefor, is justly due or to become due.

65

The statement in this case is in the following words: "The above-named defendants hereby authorize the entry of a judgment against us in favor of the plaintiffs, for the sum of eleven thousand dollars, which amount is actually due by us to the said plaintiffs for goods sold and delivered by them to us at our request."

The affidavit of Sherry does not allege that the claim was not just, or that the money was not due from the defendants to the plaintiffs.

*Nathaniel Holland*, for Appellants.

Argued that the refusal of the Court below to set aside the judgment was erroneous, and cited, Plummer *v.* Plummer, 7 How. Pr. R., 62. Schoolcraft *v.* Thompson, Ibid, 446.

*Janes, Doyle, Barber & Boyd*, for Respondents.
No brief on file.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The appellants have mistaken their remedy. The application of Sherry to set aside his confession of judgment, does not address itself to the conscience or consideration of the Court. For aught that appears from his affidavit, the claim was just, and the judgment ought to have been confessed. Besides, it is no wise clear that he could be allowed thus to come in and impeach his former acts. So far as Provost, who claims to be a junior judgment creditor, is concerned, he has no rights whatever in this proceeding, and must resort to a Court of Chancery if he is dissatisfied with the judgment.

The order of the Court below is affirmed.