LEOPOLD KING AND ANTHONY KING, PARTNERS UNDER THE FIRM NAME OF L. KING & BROTHER *v.* HENRY L. DAVIS, SHERIFF OF THE CITY AND COUNTY OF SAN FRANCISCO.

PLEADING—ALLEGATIONS OF FRAUD.—Where an answer contains only a general allegation of fraud, and the trial of the issue of fraud thus presented proceeded to its conclusion without objection by plaintiff as to its sufficiency, or objection to evidence, on that ground, offered by defendant in support of the issue of fraud ; under these circumstances an objection to the answer, that it does not contain a statement of the particular facts and circumstances constituting the alleged fraud, comes too late, and will not be considered on appeal.

IDEM.—In an action against a Sheriff to recover the possession of goods, or their value, held by him under a levy on attachment or execution in his hands, against the property of the plaintiff, it may well be doubted whether it is necessary for the defendant to allege fraud, or do more than allege that the goods levied on by him were the property of the defendant in the writ, or that he had an attachable interest therein ; but the point is not decided.

EVIDENCE—FRAUD.—Where, on the trial of an issue of fraud, on the ground that a certain judgment, confessed by B. to plaintiff, was fraudulent as against the creditors of B., evidence that on the day of his confession of judgment to plaintiff, and in the same Court, B. confessed other judgments—one to G. and another to F. & G.—the papers therefor, in the three cases, being all prepared by the same attorneys, was properly admitted to show that the confessions of the three judgments were but parts of one transaction, and in pursuit of a common purpose ; and such evidence would therefore be properly retained or excluded from consideration accordingly as defendant, who offered the same, succeeded or

failed in adducing any proof that said judgments to G. and F. & G. were con-
fessed for a like fraudulent purpose ; if there was any proof whatever, the
question would be for the jury ; otherwise for the Court, on motion to strike out.

IDEM.—Where a motion was made during the progress of a jury trial to strike
out certain evidence, on sufficient grounds, if true in fact, but where the truth of
such grounds was involved in the issues on trial before the jury : *held,* that the
denial of the motion and the submission of the evidence to the jury, accompanied
by appropriate instructions, was proper.

INSTRUCTIONS—MODIFICATION OF.—It is not error for the Court to modify instruc-
tions asked by a party to be given to the jury.

APPEAL from the District Court, Fifteenth Judicial Dis-
trict, City and County of San Francisco.

On the 23d of July, A. D. 1864, Leopold King and An-
thony King, partners in business under the firm name of L.
King & Brother, brought this action against Henry L. Davis,
Sheriff of the City and County of San Francisco, to recover
the possession of certain goods and chattels, alleged to be of
the value of thirty thousand dollars currency of the United
States, charged to have been unlawfully and wrongfully
seized and taken by the defendant from the possession of
the plaintiffs, in the City and County of San Francisco.
The issues raised by the answer were :

First—A denial of the several allegations of the com-
plaint, and an averment that the value of the goods and
chattels claimed in the complaint amounted only to the sum
of ten thousand dollars.

Second—As a separate defence, that on the 21st of July,
1864, the defendant was, and ever since had been, Sheriff of
the City and County of San Francisco; that on that day
Gold & Bernstein, alleged to have been partners in trade,
executed five promissory notes, one to J. Baum & Brother,
and the others to various persons, who were alleged to have
indorsed and delivered the same to the said J. Baum &
Brother. That on the 22d of the same month of July, said
Baum & Brother commenced an action in the Fourth District
Court upon the said five promissory notes, for the sum of
six thousand seven hundred and twenty-nine dollars, and on
the same day procured a writ of attachment to be issued

against the property of the said Gold & Bernstein; and that by virtue of that writ the defendant, on the same day, levied upon and took into his possession the goods and chattels named in the complaint. That on the same 21st of July, Gold & Bernstein executed two other promissory notes; one to Frank Liebling for five hundred dollars, and the other to M. Friedman for nine hundred and thirty-two dollars, upon which several suits were commenced by the said respective parties, in the same Court, on the 22d of August, 1864, and attachments issued and levied upon the goods in controversy.

That on the 22d of July, 1864, Gold & Bernstein were indebted to L. Atkinson & Co. in the sum of six hundred and thirty-five dollars and fifty cents, for goods sold and delivered, and in the further sum of six hundred and twenty-five dollars and fifty cents on an account for goods sold, assigned by Shafer & Brother to said Atkinson & Co., making in the aggregate the sum of one thousand two hundred and sixty-one dollars, upon which claim, on the same 22d of July, said L. Atkinson & Co. commenced suit in the same Court, and obtained an attachment, which was also levied upon the said goods and chattels.

The answer then concluded as follows:

" And this defendant says : That on said 22d day of July, A. D. 1864, said Gold & Bernstein were, and for a long time previously thereto, and ever since have been the owners of said goods and chattels, and that any pretended sale of said goods and chattels made by said Gold & Bernstein prior to said 22d day of July, A. D. 1864, or since, was so made with the intent to defraud the creditors of said Gold & Bernstein, and such sale is void."

The foregoing contains substantially the whole of the answer, the closing allegation quoted being the only one charging any fraud. Upon these pleadings the cause was tried before the Court and jury, and a general verdict rendered for the defendant. A motion for a new trial was duly

made, upon the grounds, first, of insufficiency of the evidence to sustain the verdict; second, errors in law occurring at the trial; third, that the judgment is against law; which motion was overruled, and this appeal is by plaintiffs, both from the judgment rendered on the verdict in favor of the defendant, and from the order overruling their motion for a new trial.

In the month of April, 1864, P. M. Gold and G. Bernstein were doing business under the firm name of Gold & Bernstein, at Virginia City, the then Territory of Nevada, as clothing merchants. The plaintiffs, L. King & Brother, at the same time, were merchants residing and doing business in the City of San Francisco.

On the 14th of April, 1864, the members of the firm of Gold & Bernstein confessed judgment in favor of the plaintiffs, in the District Court of the First Judicial District, for the County of Storey, in said Territory of Nevada, for the sum of seven thousand four hundred and twenty-eight dollars, alleged to have been due to the plaintiffs for goods purchased from them at San Francisco. Upon this judgment an execution was issued out of the said District Court, placed in the hands of the proper officer, and levied upon a stock of goods then in the store of Gold & Bernstein, in Virginia City.

Upon the same day, Gold & Bernstein also confessed a judgment in the same Court, in favor of one Ernst Suskind, for the sum of four thousand six hundred and ninety-six dollars, the amount alleged to have been due on a note dated July 23d, A. D. 1863, given by Gold & Bernstein to Suskind. Upon this judgment, also, an execution was issued and levied upon the same property. Upon these executions the Sheriff of Storey County proceeded to sell the goods and chattels levied upon. The plaintiffs' title to the property in litigation is founded on these execution sales. The goods were purchased by plaintiffs, in part, and by Suskind, in part, at the sale.

Some short time afterwards, the plaintiffs and Suskind opened a store in Virginia City, in which they placed the

goods they had each purchased at said sale. The plaintiffs and Suskind, under the firm name of King & Suskind, after continuing to do business in this store for some time, packed up and shipped to L. King & Brother, at San Francisco, all said goods, where Suskind, on his arrival, sold out all his interest therein to the plaintiffs. The goods remained in the possession of the plaintiffs, at their store in San Francisco, until they were attached and taken out of their possession by the Sheriff upon the several attachments mentioned in the answer in this suit.

At the trial, the defence relied on was, that said judgments, confessed by Gold & Bernstein in favor of the plaintiffs and Suskind, were fraudulent and void as against the creditors of Gold & Bernstein, who were represented by the defendant. The defendant introduced in evidence, under plaintiffs' objections and exceptions, certain judgments confessed by Gold & Bernstein; one to A. Gold, (a brother of said P. M. Gold,) and another to Ferrin & Gold; which judgments were confessed by Gold & Bernstein on the same day on which they confessed said judgments to plaintiffs and Suskind, and the papers therefor, in all said cases, were prepared by the same attorneys. These judgment rolls were offered as evidence tending to prove the alleged fraudulent character of said judgments confessed to plaintiffs and Suskind.

The defendant introduced in evidence the judgment rolls and records in the several actions pleaded in his answer. Plaintiffs moved to strike them from the evidence, on the ground, that, as the several notes sued on were executed by Bernstein in the name of Gold & Bernstein, long after the said firm had ceased to exist, they were therefore void; that said firm had been extinguished, as alleged, by reason of the judicial sale of all the property of said firm, and that its business had thereafter ceased, said judicial sale being the same under which the plaintiffs claim in this action. The motion to strike out was denied by the Court, and plaintiffs excepted.

The other facts necessary to an understanding of the points decided are stated in the opinion of the Court.

*J. P. Hoge*, for Appellants.

The pleadings in this case present no issue of fraud, and the testimony in the record tending to show that the judgments rendered in the District Court of Nevada Territory, through which the plaintiffs, in part, derive their title to the property involved in this action, were fraudulent and void, as against creditors, was wholly inadmissible under the issues, and must be disregarded by this Court. That the allegations of the answer in this case are wholly insufficient to raise the question of fraud in the sales in question, and contain no facts constituting a defence in that regard, would seem to be well settled. Precisely similar averments have been repeatedly held insufficient. (*Harris* v. *Taylor*, 15 Cal. 348; *Kinder* v. *Macy*, 7 Cal. 206; *Semple* v. *Hagar*, 27 Cal. 166; *Knox* v. *Marshall*, 19 Cal. 617; *Meeker* v. *Harris*, 19 Cal. 278.) The last case cited being directly in point.

The Court erred in overruling the plaintiffs' motion to strike out of the evidence all the papers and judgment rolls in the several cases which were founded on the promissory notes dated July 21st, 1864, and which were made by Bernstein in the firm name of Gold & Bernstein. The several attachments and suits upon which the defendant relied for his justification were founded upon promissory notes given by Bernstein alone at San Francisco, on the 21st day of July, 1864. The proposition on the part of the plaintiffs, was that these notes were invalid as against the plaintiffs, because given by one partner after the dissolution of the firm. The authorities would seem to leave no doubt upon this branch of the subject. (Story on Partnership, Secs. 280, 310, 311; *Whitton* v. *Smith*, 1 Freeman's Ch., Miss., 231; *Hitchcock et al.* v. *St. John*, 1 Hoff. Ch. 517; *Griswold* v. *Waddington*, 16 Johns. 491–92; Collier on Partnership, Ch.

14

II, Sec. 2, on the causes of dissolution, paragraphs 108–12.) The evidence brings this case clearly within the authorities.

*Jarboe & Harrison*, for Respondent, argued that the first point made in the brief of appellants cannot be considered by this Court, because not made on the trial in the Court below.

By the Court, Sanderson, J.:

The point made by the appellants, that the answer does not make an issue of fraud, cannot be considered by us further than to say that it comes too late. The answer contains a general allegation of fraud, and the appellants went to trial upon the issue thus joined, without taking any exception to the answer on the score of sufficiency. Nor was any objection made by the appellants to the testimony introduced by the respondent in support of the issue of fraud; on the contrary, that issue was assumed to have been properly made, and was tried upon its merits. Under these circumstances an objection to the answer upon the ground that it does not contain a statement of the particular facts and circumstances constituting the alleged fraud, cannot be entertained by us. The defects in that respect, if any exist, must now be disregarded. (*Crans* v. *Hunter*, 28 N. Y. 395.) The case of *Meeker* v. *Harris*, 19 Cal. 278, cited by counsel for appellants, does not sustain the point that an objection of this character to an answer can be made after a trial upon the merits of the issue, for the first time in this Court. That action was to set aside certain judgments confessed by some of the defendants in favor of the others, upon the ground that they had been confessed with intent to hinder and delay creditors, and the objection was as to the sufficiency of the complaint in respect to the allegation of fraud. The objection was considered by the Court, and it was held, in effect, that the complaint was defective in that respect; but when the objection was first taken—whether in

the Court below or in this—does not appear. Moreover, the case was decided finally upon different grounds, as appears from the opinion of the Court upon the petition for a rehearing. It may well be doubted whether, in actions of this character, it is necessary for the defendant to allege fraud at all, or do more than allege that the goods attached by him were the property of the defendant in the attachment, or that he had an attachable interest therein; but it is unnecessary that this question should be determined for the purposes of this case.

It follows that we cannot disregard the evidence in relation to the fraud. With that evidence in, we cannot say, with counsel, that the verdict is contrary to it. Upon the question of fraud there is an apparent and most material conflict.

The judgments in favor of A. Gold and of Ferrin & Gold were properly admitted in evidence on behalf of the respondent. They were confessed upon the same day as that of the appellants', and, as claimed by respondent, constituted a part of the alleged fraudulent scheme between Gold and Bernstein and the appellants. It was, therefore, competent for the Court to admit them and allow the respondent to show, if he could, that they were confessed with a fraudulent intent, and, in short, constituted a part of the same transaction, of which the judgment in favor of the appellants was another part. Such was the respondent's theory of the case, and he had an undoubted right to introduce any relevant testimony which tended in any degree to establish it. Whether the testimony, when in, was sufficient to establish it, was another question, which was, however, for the jury, and not for the Court. They were admissible at the time they were offered. If, thereafter, the respondent had wholly failed to connect them with the judgment of the appellants, as being part of the same transaction, it would have been the duty of the Court, upon appellant's motion, to strike them out as evidence, or to instruct the jury to disregard them. But otherwise, if there was any evidence, how-

ever slight, tending to connect them with the appellants' judgment. Conceding, as claimed by counsel for appellant, that there was no evidence tending to connect these several judgments as parts of one transaction, except the fact that they were confessed on the same day and in the same Court, and the further and somewhat significant fact that the papers in all three were prepared by the same attorneys, yet, from those facts the jury might well infer that they were parts of the same transaction, and so find, without becoming obnoxious to the charge of finding a verdict upon that question, without any evidence to sustain it.

Nor did the Court err in refusing to strike out of the evidence all the papers and judgment rolls in the several attachment suits, which were founded upon promissory notes made by Bernstein, in the name of the firm, on the 21st of July, 1864, under the claim that, prior to that time, the firm of Gold & Bernstein had become dissolved by operation of law, and that therefore Bernstein had no authority to execute the notes in the firm name. If, as claimed by the creditors, whom the respondent represents, the judicial proceedings by which the appellants claim to have acquired the title to the goods were all a pretense, a sham and fraud upon them, they did not work a dissolution of the firm. The claim of the appellants that those proceedings worked a dissolution was, therefore, but another form of their claim that those proceedings were not tainted with fraud; in other words, it was a begging of the main question involved in the case, for it assumed the validity of the proceedings which the respondent claimed to be fraudulent and void. Such being the case, the only course to be taken was the one which was adopted by the Court: to allow the evidence to go to the jury accompanied by appropriate instructions.

We do not find it necessary to notice the instructions in detail. It was not error for the Court to modify the instructions as asked. This we have repeatedly held. Upon a careful review of the whole case, we are entirely satisfied

with the rulings and instructions of the Court and the verdict of the jury.

Judgment and order affirmed.

Mr. Justice SHAFTER expressed no opinion.