## BRUCE B. LEE *v.* E. P. FIGG.

DEFECTIVE PLEADING.—Although the allegations of a pleading are defective, yet, if there is not an entire want of allegations constituting a cause of action, and no demurrer is filed or objection made in the Court below, the judgment will not be disturbed.

CONVEYANCE TO DEFRAUD CREDITORS.—A conveyance made by a debtor, *without consideration*, for the purpose of defrauding his creditors, can be set aside by the creditors on the ground of fraud, even if the grantee was ignorant of the fraudulent purpose for which it was given.

ATTACK ON JUDGMENT BY CONFESSION.—A judgment for money, by confession, upon a statement which does not sufficiently state the facts out of which the indebtedness arose, nor that the amount confessed is justly due, is not a nullity on its face. Such judgment cannot be collaterally attacked. It can only be called in question by the creditors of the defendant on the ground of fraud, and in a direct proceeding for that purpose.

ADMISSIONS IN PLEADING.—If the complaint avers a judgment, and the issuing of an execution thereon, and a sale thereunder of land, and the answer denies the validity of the judgment, and avers that it was void for want of jurisdiction, and denies that the plaintiff acquired any title by the pretended sale by the Sheriff, the execution and sale thereunder are not sufficiently denied to require the execution to be put in evidence.

APPEAL from the District Court, Sixth Judicial District, Sacramento-County.

This was an action of ejectment to recover the west quarter of Lot Number Five in the block bounded by Second and Third and I and J streets, City of Sacramento.

Barton Lee, the father of the plaintiff, in 1850 owned a larger lot, embracing the demanded premises. He failed in business, and conveyed this and other property to assignees in trust to pay his debts, amouting to several hundred thousand dollars. Afterwards, and on the 26th of September, 1850, the assignees, at his request, conveyed the larger lot to F. Ogden, and Lee, at the same time, made a conveyance to Ogden. The assignees received no consideration for the conveyance, nor did Ogden pay any consideration. Afterwards, and in 1862, Ogden, at the request of the plaintiff, and without having received any consideration, conveyed the lot to J. B. Haggin. In April, 1867, Haggin conveyed the demanded premises to the plaintiff, and without receiving

any consideration.   This was the title upon which plaintiff relied.

On the fourth day of May, 1850, Barton Lee gave H. Cheever a mortgage on the whole lot, to secure twenty-five thousand dollars, which debt and mortgage Cheever assigned to Henley & Hastings.   January, 1851, Barton Lee signed the following confession of judgment, which was filed January 10th, 1851:

"I, Barton Lee, of said county and State, hereby confess myself indebted to Thomas J. Henley and S. Clinton Hastings, of the same county and State, in the sum of nine thousand seven hundred and forty-three dollars and forty cents, and I authorize them, or their attorneys or assigns, to enter judgment against me for that amount.   Said indebtedness on my part being the balance of five certain promissory notes given by me to Henry Cheever, on the 4th of May, 1850, for the several sums of six thousand dollars, three thousand dollars, five thousand dollars, five thousand dollars, and six thousand dollars, with interest thereon, which said notes were secured by mortgage bearing date that day from me to the said Cheever, upon the following property, to wit: a certain town lot in Sacramento City known and described upon the map or plan of said city as Lot Number Five in the block or square between I and J and Second and Third streets; and I do further direct, authorize, and consent that a decree be entered that the property so mortgaged be sold for the satisfaction of said sum of nine thousand three hundred and seventy-three dollars and forty cents, and that if the proceeds be insufficient to pay the same, execution be issued for the residue; and I further state that the said sum is to bear interest at the rate of five per cent per month until paid, and that said principal sum and interest is justly due as above.

"Dated the — day of January, 1861.

                                      "BARTON LEE."

Upon this confession the following judgment was entered up:

"Friday, January 10th, 1851.  Present, Hon. Tod Robinson, Judge.

"On this day, Messrs. Haggin, Latham, and Monson, plaintiffs' attorneys, produce in Court the written confession of Barton Lee of his indebtedness to the plaintiffs in the sum of nine thousand three hundred and seventy-three dollars and forty cents, which authorizes the entry of judgment against him for that amount.

"It appears from said confession that the aforesaid amount is the balance of five promissory notes given by the defendant to Henry Cheever, on the fourth day of May, 1850, for the several sums of six thousand dollars, three thousand dollars, five thousand dollars, five thousand dollars, and six thousand dollars, with interest thereon, which said notes were secured by mortgage bearing date that day, from said defendant to said Cheever, on the following property, to wit: a certain town lot in Sacramento City, known and described upon the map or plat of said city as Lot Number Five in the square between I and J and Second and Third streets; and it also further appearing to the satisfaction of the Court that the notes and mortgage aforesaid were assigned by Henry Cheever to the plaintiffs, and that the confession above mentioned authorizes a sale of said property, and the signature of the defendant to said confession being proved to be genuine by M. Morrison, it is decreed and ordered that the plaintiffs recover against the defendant the sum of nine thousand three hundred and seventy-three dollars and forty cents, the debt above mentioned, together with the costs of this suit, and that sale be made of the lot of ground described, in the mode prescribed by law, for the satisfaction of the plaintiff's demand; and if the same is insufficient to pay said debt, execution may issue for the residue.  This judgment is to bear five per cent per month interest from this date.

"TOD ROBINSON."

Under this judgment, and by virtue of process issued thereon, the Sheriff sold the premises to J. P. Overton for ten thousand dollars, who then entered into possession of the property and erected a brick building thereon. Overton, in 1851, sold the demanded premises to one McCall, and at the time of the commencement of this suit, McCall's title, by various mesne conveyances, had vested in the defendant.

The complaint was in the usual form in ejectment, and was filed May 17th, 1868. The answer, besides containing a general denial, set up an equitable defense, the material parts of which, so far as it applies to the legal points raised, were as follows:

"Now comes E. P. Figg, and for further and as an equitable defense to this action, avers as follows, to wit:

"First—That on the 26th of September, 1850, one Barton Lee conveyed, himself, and caused to be conveyed to one Frederick Ogden, Lot Number Five in the block bounded by I and J and Second and Third streets, of Sacramento City, California, which said lot was of the value of twenty thousand dollars, and that thereby the legal title of said lot vested in the said Ogden; that at the time of said conveyance the said Barton Lee, by the title hereinafter stated, derived from John A. Sutter, owned said lot, and conveyed and caused the same to be conveyed to the said F. Ogden, without consideration, and for the purpose of hiding and secreting the same from his creditors, he, the said Barton Lee, being insolvent at the time, and being indebted to numerous creditors in the sum of several hundred thousand dollars.

"Second—That in this Court, on the 10th day of January, 1851, Henley & Hastings recovered judgment against said Barton Lee for the sum of nine thousand three hundred and seventy-three dollars and costs and interest, upon a debt and claim existing at the time of the aforesaid conveyances to Ogden, and under this judgment and by virtue of process issued thereupon, all the right, title, and interest of the said

Barton Lee in the aforesaid lot was duly sold by the Sheriff of Sacramento County to one J. P. Overton, for the sum of ten thousand two hundred and ninety-three dollars; and afterwards, to wit: on the 7th day of February, 1851, the said Sheriff of Sacramento County, pursuant to said sale, executed and delivered to the said J. P. Overton a deed conveying to him all the right, title, and interest of the said Barton Lee in the said premises, which said deed was duly recorded in the office of the Recorder of Sacramento County, on the 18th day of February, 1851; and immediately after the execution of said deed the said J. P. Overton, with the knowledge of both the said Barton Lee and the said F. Ogden, entered upon said premises, and afterwards erected thereon a brick building, which cost not less than fifty thousand dollars."

The answer closed with a prayer that plaintiff be decreed to convey to defendant all the interest in the demanded premises which he acquired by the deed from Haggin.

The plaintiff filed a replication to the new matter set up in the answer, the material parts of which, so far as it relates to the legal point raised, were as follows:

" And the said plaintiff is informed and believes, and upon information and belief denies that the said Barton Lee was ever served with process in said supposed action of Henley & Hastings against said Barton Lee. And he denies that the said Barton Lee ever made any appearance therein; and he also denies that the said Court had any jurisdiction to render said supposed judgment and decree, or either of them; and avers that the same and each of them is void, and that said supposed process and decree on which supposed judgment said property is pretended to have been sold, was the said supposed judgment, and not upon any legal process issued out of this Court."

The Court first tried the issues raised in the equitable defense, and the defendant offered in evidence the confession

of Barton Lee and the judgment entered thereon. The plaintiff objected to the same: first, because the Court had not jurisdiction of the person of the defendant, Barton Lee; second, because the confession did not authorise under the statute an entry of decree of foreclosure of mortgage and order of sale of the mortgaged premises; third, because the confession does not state facts sufficient to render the judgment and decree of foreclosure and order of sale valid under the statute; fourth, because the confession upon which the judgment and decree of foreclosure and order of sale was founded does not show or state the facts under which the indebtedness arose.

The Court overruled the objections, and the plaintiff's attorney excepted. The process upon which the Sheriff sold under the judgment against Lee was not offered in evidence, but the Sheriff's deed under the sale was introduced in evidence.

The Court below directed the plaintiff to convey to the defendant all his interest in the premises, and appointed the Clerk of the Court a Commissioner for that purpose, and enjoined the further prosecution of the suit in ejectment. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Robinson, Ramage & Dunlap,* for Appellant.

There is no averment in the answer that Ogden had any knowledge or information of the condition of Barton Lee's affairs, or that he in anywise participated in the alleged intention of Barton Lee to hide or secrete his property, nor that he was guilty of any improper conduct directly or indirectly; and it appears that the deeds executed to him on the 26th day of September, 1850, one by Eugene F. Gillespie, Edward J. C. Kewen, and J. M. McKensie, as well as the deed executed to him by Barton Lee, express a consideration of thirty thousand dollars. This expression of a consideration in the deeds precludes the idea of a resulting trust in

favor of Barton Lee. (Story's Equity Jurisprudence, Sec. 1,199; *McCrea* v. *Purmont*, 16 Wend. 472.) And it is further held in the case last above cited (page 471) that " it is perfectly well settled that a consideration expressed in a deed cannot be disproved for the purpose of defeating the conveyance, unless it be on the ground of fraud."

It will be observed that the confession of judgment was for money. It does not state the facts out of which the indebtedness arose, nor that the amount confessed was justly due. This confession and judgment was under the statute of 1850, page four hundred and fifty-four, which required the confession, when for money due, to state concisely the facts out of which the indebtedness arose, and also that the amount confessed was justly due; but it did not authorize a confession to foreclose a mortgage. In the case of *Chapin* v. *Thompson*, 20 Cal. 681, this Court held that the facts out of which the indebtedness arose should be stated, and that the debt was justly due.

These proceedings being a departure from the course of the common law, the statute should be strictly followed. If one of the facts required by the Act to be stated should be stated, all should be, and if one may be omitted, all may be, and the confession be made orally. We think the Act should receive a strict construction, and all the facts required to be stated should be, to impart to the judgment any validity; and this we think is the fair interpretation of the opinion of the Court in the case last cited; and this is in accordance with the rule established in the Courts of New York, on a statute similar to our own. (*Gandal* v. *Finn*, 23 Barb.; *Chappell* v. *Chappell*, 2 Kern. 215.)

*George Cadwalader*, for Respondent.

The first point that appellant makes is not sustained by the authorities quoted, nor any other that we ever saw. The acts of Barton Lee made the conveyance invalid as to creditors, and Ogden took the property without paying anything

for it, although the deeds make an acknowledgment of sixty thousand dollars. Ogden's ignorance of the insolvency of Barton Lee and his intention to secrete this property from his creditors, would be no defense without it was combined with the payment of an adequate consideration.

The consideration for a deed in a case like this is always open to examination. Whether Ogden meditated a fraud or not is unimportant, so long as he became the depository of property that belonged to Lee's creditors, and which had been put into his hands by Lee in order to keep it from them. Whether the judgment and confession state the facts out of which the indebtedness arose or not, judgments under the Act of 1850 were the acts of a *Court*, and are unlike those authorized to be entered under our present Practice Act, which are purely ministerial acts of the *Clerk*. The former, and perhaps the latter, cannot be assailed collaterally by a stranger. (*Cloud* v. *El Dorado County*, 12 Cal. 133; *Stearns* v. *Aguirre*, 7 Cal. 449; *Chapin* v. *Thompson*, 20 Cal. 686.)

The judgment was a judicial determination that the statement was sufficient and duly executed. The Court was of competent jurisdiction, and had the requisite parties before it, and the term, as well as the time for an appeal, has passed. The question of its validity cannot be raised collaterally. (*Arrington* v. *Sherry*, 5 Cal. 514; *Alderson* v. *Bell*, 9 Cal. 321; *Reynolds* v. *Harris*, 14 Cal. 678.) The judgment by confession cannot be attacked by appellant. (*Read* v. *French*, 28 Cal. 285; 27 New York, 568; 15 Iowa, 152.)

By the Court, SAWYER, C. J.:

Appellant's first point seems to be in the nature of a demurrer to the answer, on the ground that the facts stated are insufficient to constitute a defense. No demurrer appears to have been filed, and the point seems to be made here for the first time. There is not an entire absence of allegations

of fraud in the transfer from Barton Lee to Ogden. There is an attempt to allege a transfer for the purpose of defrauding creditors of Lee, and if there is any objection to the pleadings it is that the allegation is defective. The point was fully litigated on the trial, and in such case the judgment will not be reversed upon the point taken here for the first time. (Practice Act, Sec. 71; *King* v. *Davis*, 34 Cal. 100.) But we think the answer sufficient. It avers that the conveyance to Ogden was *without consideration*, and this is sufficient to avoid it as to creditors of Lee, whether Ogden was aware of the fraudulent purpose of Lee and actively aided it or not. He was not a purchaser in good faith.

The judgment by confession in the case of *Henley & Hastings* v. *Barton Lee*, rendered in 1851, is not a nullity on its face, in consequence of the defects in the statement. The Court had jurisdiction of the subject matter and the parties, however irregular or erroneous it may be, and it cannot be called in question in a collateral proceeding. It was entered in open Court and regularly signed by the Judge, as was the practice under the code of 1850. (*Cloud* v. *El Dorado Co.*, 12 Cal. 133; *Arrington* v. *Sherry*, 5 Cal. 513.) The judgment is good as between Henley & Hastings and Barton Lee, and was only subject to be attacked for fraud by creditors of Lee, who were defrauded thereby, and that in some direct proceeding before a sale of the property under it to innocent parties. (*Miller* v. *Earle*, 24 N. Y. 111.) In this case the parties seeking to attack the judgment collaterally, are not creditors of Lee, and they seek to avoid a sale under it of property which has long since passed into the hands of innocent purchasers. The cases of *Richards* v. *McMillan*, 6 Cal. 419; *Cordier* v. *Schloss et al.*, 12 Cal. 143, same case 18 Cal. 576, and *Wilcoxson* v. *Burton*, 27 Cal. 229, were all direct proceedings by creditors to vacate the judgments themselves on the ground of fraud, and the question was, not whether the several judgments were absolute nullities upon their face, but what was their value as evidence on the issue of fraud raised in the proceedings to impeach them? Or, what was

the *prima facie* presumption arising on the face of the record from a failure to state fully the facts required by the statute with respect to the issue of fraud raised by the creditors, who claimed that they had been defrauded? The Court held it to afford *prima facie* evidence of fraud, but that it was admissible to support this judgment by evidence showing that the transaction was *bona fide* and the judgment rendered upon an indebtedness really due. This necessarily assumes that the judgment is valid till vacated upon a direct proceeding for the purpose. The case of *Chapin* v. *Thompson*, 20 Cal. 681, cited by appellant, affords him no aid. It will be found that the case in no respect touches the question.

We think the averments of the issuing of process and sale thereunder, under the Hastings & Henley judgment against Lee, are not sufficiently denied to require the execution to be put in evidence. The denial is rather of the effect of the facts averred than the facts themselves. The whole theory of the defense on this point is that the judgment is void upon its face, and the denials are shaped according to this theory.

Judgment and order affirmed, and remittitur ordered to issue forthwith.